UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00017-JAW |
| | ) | |
| STEPHEN L. VOISINE | ) | |

**ORDER ON MOTION TO DISMISS**

On March 11, 2011, Stephen L. Voisine pleaded guilty to both counts of a two count information. Count I charged him with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) and Count II charged him with shooting and killing a bald eagle in violation of 16 U.S.C. § 668(a). *Information* (Docket # 2). On March 15, 2011, Mr. Voisine moved to dismiss Count I of the information. *Mot. to Dismiss Count I of the Information* (Docket # 10). The Government responded on April 5, 2011, and Mr. Voisine replied to the response on April 11, 2011. *Gov't's Resp. to Def.'s Mot. to Dismiss* (Docket # 12); *Def.'s Reply to Gov't's Resp. to Mot. to Dismiss* (Docket # 13).

Mr Voisine first claims that the charge infringes his Second Amendment right to bear arms. He next contends that the information fails to state a federal offense because the First Circuit's decision in *United States v. Nason*,[1] which concluded that a conviction under Maine's assault statute constitutes a "misdemeanor crime of domestic violence" under federal law, is no longer binding on this Court. Instead, he asserts that in interpreting the term, "physical force," as it appears in the firearms possession statute, the Court must apply the construction

---

[1] 269 F.3d 10 (2001).

the United States Supreme Court in *Johnson v. United States*[2] and the First Circuit in *United States v. Holloway*[3] gave the same term for purposes of the Armed Career Criminal Act (ACCA), and if it does so, Count I must be dismissed because the Defendant has not committed a predicate crime.

The Court considered these exact issues in denying a motion to dismiss the indictment in *United States v. Bryant*, 1:11-cr-00021-JAW. In fact, the legal arguments presented by both Mr. Voisine and the Government in this motion are precisely the same as those presented in *Bryant*. Moreover, there are no factual differences distinguishing this case from *Bryant*. Accordingly, the Court incorporates its reasoning in *Bryant* and DENIES Mr. Voisine's Motion to Dismiss Count I of the Information (Docket # 10).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2011

---

[2] 130 S. Ct. 1265 (2010).
[3] 630 F.3d 252 (1st Cir. 2011).